## GREEN vs. YOUNG, Administrator.

The liability of the surety, in a bond conditioned for the official good conduct of a deputy sheriff during his continuance in office, extends as well to defaults committed after, as before, the death of the surety.

DEBT on bond. The defendant's intestate was surety in an office bond, given by one *Joseph Young* on his appointment as a deputy of the plaintiff, who was sheriff of the county of *Lincoln.* The breach happened nearly three years after the death of the surety; and the question was whether the liability of the surety extended to such breaches. *Weston J.* before whom the cause was tried, ruled that it did, and directed the jury to find for the plaintiff; reserving the point for the consideration of the court.

*Sprague,* for the defendant, argued that there was no debt due from the intestate at the time of his decease; nor any contingent claim, on account of which the estate could have been represented insolvent. Neither could the administrator have been justified in paying money for any liability then existing under the bond. Nor could he, by reason of any such liability, resist the claim of any creditor for payment of his debt. *Colman v. Hall,* 12 *Mass.* 570. And he contended that a rule establishing the liability of the estate would operate mischievously against co-sureties, who might lose all remedy for contribution.

He took a distinction between official bonds, for the good conduct of public officers, and those conditioned for the performance of a private duty; arguing that in the former case the liability terminated with the life of the surety. Public policy requires it; for otherwise it would be difficult, if not impossible, to obtain prudent and responsible sureties; as no such man would be willing to expose his children to poverty through the default of an officer after his own decease, against which it would be no longer in his power to take measures of protection. And this doctrine involves no hardship on the sheriff; who may always require a new bond of the deputy, upon peril of removal from office.

Green v. Young.

And he likened this to the case of a surety lulled into a fatal security by the neglect or misconduct of the obligee; and also to the case of an agent whose authority ceases at the death of the principal;—citing *Hunt v. Brigham*, 2 *Pick.* 581 ; *Paine v. Packard*, 13 *Johns.* 174 ; *King v. Baldwin*, 17 *Johns.* 384 ; *Kennebec Bank v. Tuckerman*, 5 *Greenl.* 130 ; *Cremer v. Higginson*, 1 *Mason*, 339 ; *Boston Hat Man. Co. v. Messenger*, 2 *Pick.* 223 ; *Baker v. Briggs*, 8 *Pick.* 122.

*Allen* and *W. W. Fuller*, for the plaintiff, cited *Crane v. Newell*, 2 *Pick.* 612 ; *Worcester Bank v. Reed*, 9 *Mass.* 267 ; *Dawes v. Edes*, 13 *Mass.* 177 ; *Toller's Ex.* 184, 281 ; 5 *D. & E.* 307, 381 ; *Plummer v. Marchant*, 3 *Burr.* 1383 ; 5 *Bac. Abr.* 156 ; *Howe v. Ward*, 4 *Greenl.* 199 ; *Justin. lib. 3 tit. 16 de Obligat.* ; *People v. Jansen*, 7 *Johns.* 332 ; *Bachelder v. Fisher*, 17 *Mass.* 464 ; *Reed v. Cummings*, 2 *Greenl.* 82 ; *Stat.* 1821, *ch.* 52 *sec.* 25, 27, 28 ; *Royce v. Burrill*, 12 *Mass.* 398 ; *Howes v. Bigelow*, 13 *Mass.* 384 ; 4 *Dane's Abr.* 44.

WESTON J. delivered the opinion of the Court.

The action before us is debt on bond, conditioned that *Joseph Young*, appointed a deputy of the plaintiff, then sheriff of the county of Lincoln, should faithfully perform the duties of that office. The breach found by the jury, accrued since the decease of the intestate. The efficacy of contracts does not cease, upon the death of one of the contracting parties. His representatives are liable to an action for its non performance, and his estate is thereupon charged to respond what may be recovered. Whether a man undertakes for himself or others, in regard to future transactions, the contingency that death may remove him before the obligation can be fulfilled, must be in the contemplation of all parties, but it remains unaffected by that event. It may be more difficult to obtain satisfaction for a violation of what the contract enjoins; but the right of the party injured to a full indemnity is unimpaired.

The intestate undertook that the principal in the bond should discharge the duties of the office, to which he was appointed. For what period? So long as he continued in office, under that ap-

pointment. The breach found then is within the very letter of the condition. The counsel for the defendant sets up, as a limitation of the liability of the intestate, that it is confined to breaches accruing in his life time. This limitation is not to be found in the instrument; and if it is sustained, it must arise by construction of law from the nature of the undertaking. We have examined with care the cases cited for the defendant, but can find nothing to justify the limitation for which he contends. The plaintiff had a right to repose upon the solvency and sufficiency of the surety. If his security in regard to future breaches ceases upon the death of the surety, he might suffer, however vigilant. He might incur severe responsibilities, arising from subsequent breaches, before he could be advised of the death of the surety. If the defendant, representing the intestate, is not liable in this case, the death of a surety upon a sheriff's bond, and upon the bonds of the treasurer of the state, of a county or town, of cashiers of banks, and of many other officers, who are required to give bonds, would exonerate his estate from subsequent breaches, and throw the whole responsibility upon surviving sureties. No adjudication to this effect has been cited, or can, it is believed, be found. And yet, if warranted by the principles of law, cases must frequently have arisen, in which such a ground of defence might properly have been taken.

The efficacy of a power of attorney continues only during the life of the constituent, because the act authorized is to be his act, through the agency of another, and his power to act, even by an agent, is extinguished by his death. But in this case, a breach of the condition of the bond did not depend upon any act or omission of the intestate. Whether a breach should or should not happen, depended upon the fidelity of another. This hazard the intestate voluntarily assumed, and we entertain no doubt thereby bound his representatives and his estate for all breaches within the condition of the bond, and for which other surviving sureties might be held accountable. *Judgment on the verdict.*

*Vid. Gordon v. Calvert,* 2 *Simon's Ch. Rep.* 253; 4 *Russ.* 581, *S. P.*