Nash, J.
 

 In this order wc arc of opinion there is•. error. The Courts of justice in this State have- long, exercised the power of requiring other and better security from plaintiffs, in cases where justice demands it, as when the sureties to the bond, already given, have removed away or have become insolvent. The Act, requiring security to be given before the writ issues, is silent on the subject; but its spirit and meaning require it,.and it is in accordance with the English practice on the subject of costs. The Courts, however, in exercising this power ought and will do so, with a proper attention to tho calls of justice between the parties; and will, when the plaintiff has once complied with the law in giving security, dismiss or refuse to dismiss bis case, as a sound discretion may direct. When, therefore, in this case, the plaintiff failed to comply with the rule of giving better security, the Court was not bound to dismiss, bis action, but might, upon proper reasons shown, permit him to prosecute it without further security. The motion of the-
 
 *193
 
 defendant., upon the failure of the plaintiff, was to dismiss the suit. This the Court was not, we repeat, bound to do; but, in retaining the cause, was not at liberty to take from the defendant the security against accruing costs, which the bond already given afforded him. By that bond the sureties were bound, should the plaintiff fail to prosecute his suit with effect, to pay the defendant all his legal costs. It might be, and no doubt in this case was, a very insufficient protection. Still it was something. The sureties, though unable to pay any thing, might, in a variety of ways, be placed in a situation to meet its responsibilities. The defendant had a legal Interest in it, of which the Court had no right without his consent to deprive him, By the order appealed from, the sureties of the plaintiff were discharged, as far as the order could have that effect, from any liability to costs hereafter incurred, and as to them the defendant was without protection. The Court ought either to have dismissed the suit according to the rule, previously obtained upon the plaintiff^ or to have made an order on the plaintiff’s petition, permitting him to carry on his action, without giving further security. This would be within the Equity of the Act.
 

 The interlocutory order is erroneous and is therefore reversed. The clerk will certify this judgment to the Superior Court of Surry County.
 

 PfiR. CuilIAM, Ordered accordingly.