CHARLES STANFORD, as Assignee, etc., Appellant, *v.* WILLISTON R. LOCKWOOD et al., Respondents.

The firm of L. & Co. executed to plaintiff, who was a creditor, a general assignment of all its property for the benefit of creditors. By it, the assignee after paying partnership debts, if a surplus remained, was directed to pay the individual debts of the copartners, and to return to them any residue. At the time of the assignment the firm held a claim against the United States government, which was in the hands of a broker for collection. Thereafter, plaintiff, under an agreement with the members of the firm, returned to them a portion of the assigned property, and released his claim against the firm, upon receipt of a bond of indemnity, conditioned for the payment by them of the other firm debts, and an assignment to himself of all their rights and interest in the assigned property, except that so returned to them. The government

claim was allowed and paid by draft to the order of the firm, which was delivered to defendant L., one of the copartners ; he transferred it to the other defendants who had knowledge of the assignment ; they collected the same. Plaintiff had not been discharged as assignee, some of the firm debts remained unpaid, and it did not appear that the individual debts of the copartners had been paid.   *Held*, that an action was properly brought by plaintiff, as assignee, to recover the proceeds of the collection ; that title to the claim passed to him as such assignee by virtue of the assignment, and the trust was not discharged, nor was the title affected by the subsequent agreement, as it did not transfer to him, individually, the assets held by him as trustee, but only the interest of the firm in any surplus.

A portion of the government claim accrued during the existence of a prior copartnership which was dissolved by the death of one of its members. Prior to his death, he had drawn out all his share of the capital and assets, and was indebted to the firm. The survivors continued the business in the same firm name, taking possession of the assets and assuming the liabilities of the old firm. The executrix of the deceased partner released to plaintiff all interest in the claim.   *Held*, that the surviving partners became legal owners of that portion of the claim ; and it passed under the assignment, that if the executrix had any equity, she released it, and so ratified the transfer to the assignee.

(Argued April 14, 1884 ; decided April 22, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 1, 1883, which affirmed a judgment in favor of defendants, entered upon the report of a referee.

This action was brought by plaintiff, as assignee of the firm of Lockwood, to recover the amount of a draft alleged to be the proceeds of a claim belonging to the firm, which was transferred to plaintiff as such assignee, and which was received and collected by defendants.   The facts as found by the referee are substantially as follows :

Between January 31, 1871, and August 21, 1872, a claim against the government of the United States accrued in favor of said firm of Lockwood & Co., to recover moneys paid for taxes under protest, which claim remained unsettled until October, 1875 ; LeGrand Lockwood, a member of the firm, died on or about February 24, 1872, having, prior to his death, withdrawn

from the firm all his share of its assets and being largely indebted to the firm at the time of his death. The. surviving members took possession of all the assets, assumed all firm liabilities, and continued the business under the same firm name. Upon the death of LeGrand Lockwood, his widow, Ann Louise Lockwood, became sole executrix of his will, and his sole legal representative. The firm continued its business until April 21, 1873, when it made to the plaintiff a general assignment of all its copartnership property in trust for the following purposes :

*First.*— To take possession of and reduce to money the assigned estate, and after meeting all lawful expenses to pay in full the copartnership debts, if the assets should be sufficient for that purpose, otherwise ratably.

*Second.*— From any surplus remaining to pay the individual debts of the respective partners to the amount of each partner's share of such surplus.

*Third.*— If any surplus should still remain, to deliver the same to the assignors, their legal representatives or assigns.

The plaintiff accepted the trust, gave security, assumed control of the assigned estate, has never accounted, advertised for claims, been removed or discharged, nor has his official bond been canceled. The claim in question was not set forth in the schedules filed, but the assignors were aware of its existence, and informed plaintiff thereof, and that the same was one of the assets covered by the assignment. Prior to 1873, the codefendants, Dominick and Dickerman, constituted a firm of bankers and brokers and continued in business as such until after January 1, 1876 ; for several years prior to the last-named date, defendant Lockwood, one of the assignors, had kept an individual account with said firm, and at the time of the suspension of Lockwood & Co. said firm was one of its creditors, had knowledge of its suspension and insolvency, and that the plaintiff was assignee, and they dealt with him as such, prior to October 1875. On December 15, 1874, under an agreement between the parties, plaintiff delivered to Lockwood and his brother a portion of the assigned estate, they giving to

him a bond of indemnity, conditioned also, that with the proceeds they would satisfy all the remaining creditors of the firm; at the same time Ann Louise Lockwood, as executrix of the deceased partner, executed a general release to plaintiff as assignee; plaintiff, as a creditor, released his debt against the assignors, and the assignors, in consideration thereof, assigned and quit-claimed to plaintiff individually all the surplus or residue of the estate assigned to him in trust, except certain corporate and promissory notes, which were still to be held by him as assignee. It did not appear that the individual creditors of the respective partners were provided for in any way except by the original deed of assignment. About October 19, 1875, the government of the United States made its draft to the order of Lockwood & Co., for the sum of $11,696.32, in settlement of the claim in question; this draft came into the hands of defendant Lockwood, who indorsed and delivered it to the co-defendants, they collected it and placed the amount thereof to the credit of defendant Lockwood. Plaintiff never gave any consent, nor any actual or apparent authority, to the defendants, or either of them, to indorse, transfer or dispose of the draft or its proceeds.

*L. A. Gould* for appellant. Although the claim in controversy was an unliquidated demand against the United States it passed to the assignee under the assignment. (24 Hun, 291; *Goodman* v. *Niblack*, 12 Otto, 556.) Although it was not included in the schedule of assets filed the title vested in the assignee. (*Turner* v. *Jaycox*, 40 N. Y. 473; *Em. Ind. S'v'gs B'k* v. *Roche*, 93 id. 377; *Pratt* v. *Lott*, 17 id. 478; *Holmes* v. *Hubbard*, 60 id. 185.) While a portion of the claim accrued in favor of the firm prior to the death of LeGrand Lockwood yet the legal title to the whole vested in the survivors who made the assignment. (*Egberts* v. *Wood*, 3 Paige, 525; *Nehrboss* v. *Bliss*, 88 N. Y. 600; *Hoyt* v. *Sprague*, 13 Otto, 613; *Smith* v. *Howard*, 20 How. Pr. 123, 124; *Palmer* v. *Myers*, 43 Barb. 513.) An assignee having once accepted the trust can only divest himself of the title thereby vested in him

by a performance of the trust. (*Brennan* v. *Wilson*, 71 N. Y. 502, 507; *Briggs* v. *Davis*, 21 id. 574; *Metcalf* v. *Van-Brunt*, 37 Barb. 621, 627; *Cruger* v. *Halliday*, 11 Paige, 314; *Em. Ind. S'v'gs B'k* v. *Roche*, 93 N. Y. 380; *Wetmore* v. *Porter*, 92 id. 76, 84.)

*L. L. Van Allen* for respondents. A transfer of the claim belonging to the old firm to the new one is prohibited by statute. (U. S. R. S., § 3477.)

FINCH, J. In accordance with the opinion of the General Term, rendered on a previous appeal, the referee has dismissed the plaintiff's complaint, although without any change of his findings of fact. The decision virtually concedes that title to the claim in controversy passed to the plaintiff as assignee by force of the general assignment made by Lockwood & Co., but holds that the trust was ended and discharged, as the result of the settlement of December 15, 1874, so that the plaintiff ceased to be assignee, and lost all right to sue in that capacity. The plaintiff, once vested with title to this demand against the government, has never transferred or assigned it to anybody, and remains its owner in his trust capacity, with the right to collect it, unless in some manner its ownership has vested elsewhere. The papers executed in 1874 are claimed to have worked such a result by operation of law, but we do not agree with that conclusion. Lockwood & Co., for certain expressed considerations, released to the assignee as an individual, and on account of debts due him from the firm, all their right and interest in the assets which passed by the assignment. They had no title to any of them. Their sole remaining right was to any surplus proceeds which might be left after all the trusts had been fulfilled. That right, and that only, they transferred to the plaintiff as an individual. As a creditor of the firm he was already both trustee and *cestui que trust*. The arrangement made enlarged his rights in the latter character. On a settlement of his accounts as trustee he became thus entitled to retain not only his own debt but any surplus remaining after

all debts were paid and discharged, and this release was made more valuable to him by the agreement of the assignors to pay off all outstanding debts of the firm, and by the bond of indemnity conditioned for the faithful performance of that agreement. But this arrangement did not necessarily transfer to him as an individual the assets which he held as trustee. To reduce them to possession he must sue for them by the only title which he had, which was that of assignee, since his individual rights, whether greater or less, existed only as a beneficiary in the assets thus held. How large or small his ultimate personal interest in them would prove to be depended upon the exigencies of his trust. The debts protected by the assignment were not all paid. The referee finds that some liabilities of the firm were outstanding. While Lockwood & Co. agreed to pay them and a bond was given to the assignee as indemnity against them, that did not discharge his trust obligation to the creditors, or put an end to his trust duties. The bond might prove to be an inadequate protection. Then, too, the individual creditors of the members of the firm had rights under the assignment by its terms, and against these the bond was no protection. As to such debts the referee finds there is no proof that the trust has been performed. He further finds that the plaintiff has never accounted; that it is not shown that he has advertised for claims nor that his bond has been discharged; that he has never resigned his trust nor been removed. While any of the assigned assets remain to be collected for the benefit of persons entitled to share in the distribution the trust is not ended, and the trust duties continue. Upon the facts found we think the title of the assignee was not lost or merged and that, as such he was entitled to collect this claim. (*Brennan* v. *Willson*, 71 N. Y. 502; *Em. Ind. Sav. Bank* v. *Roche*, 93 id. 380.) That in the end such collection, through the proper and lawful settlement of the trust, might inure mainly, or even wholly, to his personal benefit does not weaken or destroy his title as trustee.

On the argument before us the respondent has not conceded the plaintiff's original title under the assignment. A portion

of the money restored by the government was paid by the old firm of Lockwood & Co., and as to that, it is claimed the plaintiff cannot recover. Such prior firm was dissolved by the death of Le Grand Lockwood, sen., but all its assets passed to the survivors who constituted the new firm. They became the legal owners. The referee finds that they took possession of the assets and assumed the liabilities of the old firm and continued the business in the same partnership name; that before the death of the deceased partner he had withdrawn all his share of capital and assets and was still a debtor to the firm. The new firm having legal title to the assets could transfer them (*Egberts* v. *Wood*, 3 Paige, 525; *Nehrboss* v. *Bliss*, 88 N. Y. 600; *Hoyt* v. *Sprague*, 13 Otto, 613; *Palmer* v. *Myers*, 43 Barb. 513), and if the executrix of the decedent had any equity to require their application to debts of the old firm as distinguished from those of the new, which her action made doubtful, she released the assignee from all such claims by her general release, and so ratified, if that were needed, the transfer to the assignee and freed the assets in his hands from any such claim. Upon the record we see no reason for denying the right of the assignee to recover the whole amount of the claim, less the charge paid to Colgate for services rendered in the collection from the government.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.