FEWLASS et al. v. KEESHAN et al.

(Circuit Court of Appeals, Sixth Circuit. July 5, 1898.)

No. 533.

1. PRINCIPAL AND SURETY—COST BONDS—DEATH OF SURETY.

There being no power to release a surety on a cost bond without the consent of the party for whose benefit the bond is given, the contract is not terminated by the death of the surety, and his estate is bound for costs thereafter accruing.

2. SAME—EFFECT OF ADDITIONAL BOND.

The fact that, after the death of a surety on a cost bond, the party is required to give an additional bond, does not release the estate of the deceased surety from liability for costs subsequently accruing.

3. LIMITATIONS—ACCRUAL OF CAUSE OF ACTION—NUNC PRO TUNC ENTRY.

Limitation does not begin to run against an action on a cost bond until the rendition of judgment for costs against the principal. The fact that such judgment is entered nunc pro tunc, as of a prior date, does not affect the operation of the statute.

4. ADMINISTRATORS—DISCHARGE—NECESSITY OF ORDER.

The mere filing by an administrator of a statement and affidavit that he has neither received nor paid out anything, and knows of no debts against the estate, and asking that it be accepted as a final report, and he be discharged, will not operate as a settlement and discharge, in the absence of any order of court relating thereto.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

C. W. Baker, for appellants.

J. C. Harper, for appellees.

Before TAFT and LURTON, Circuit Judges, and CLARK, District Judge.

TAFT, Circuit Judge. This is an appeal from the decree of the circuit court against Howard Ferris, the administrator of Samuel Cooper, deceased, and Hannah Cooper Fewlass, his sole heir and next of kin, on a cost bond entered into by Cooper shortly before he died for the amount of the costs adjudged to be due from the complainants in the case, most of which accrued after Cooper's decease. The bond was in the form following:

"In the Circuit Court of the United States for the Southern District of Ohio.
"Sarah E. McCloskey et. al. v. Samuel Barr et al. Cost bond.
"I hereby acknowledge myself security for costs in this case.
"Samuel Cooper.
"Taken and acknowledged before me this 15th day of September, 1887.
"Robert C. Georgi,
"Deputy Clerk United States Circuit Court, Southern District of Ohio."

After a decree for costs was rendered against complainants in the action, the administrator and the heir and next of kin of Cooper were duly notified of the filing of a petition by the successful parties for a decree against them, and, after pleadings were filed raising various issues, evidence was taken, and the decree for the full amount of costs, now appealed from, was entered.

The first point made in this court by the appellants is that the cost bond does not bind the estate of the surety for any costs accruing after his death. The rule as to the obligation of a guarantor in respect to transactions occurring after his death is that the obligation is not affected by his death if the contract of guaranty was one from which he might not withdraw upon notice, but that, if he could have done so, then his death will be given the effect of a notice of withdrawal, at least from the time when the knowledge of the same has been brought home to the obligee. The former proposition is sustained by the cases of Lloyd v. Harper, 16 Ch. Div. 290; Calvert v. Gordon, 3 Man. & R. 124; Green v. Young, 8 Me. 14; Moore v. Wallis, 18 Ala. 458; and Voris v. State, 47 Ind. 345. The alternative proposition is illustrated in the cases of Jordan v. Dobbins, 122 Mass. 168; Hyland v. Habich, 150 Mass. 112, 22 N. E. 765; Coulthart v. Clementson, 5 Q. B. Div. 42; and Gay v. Ward, 67 Conn. 147, 34 Atl. 1025. A court cannot release a surety upon a cost bond without the consent of the party for whose benefit the security has been given. Holder v. Jones, 29 N. C. 191; Standard Publishing Co. v. Bartlett, 5 Wkly. Law Bul. 501. This feature of the obligation of a cost bond places it in the category of irrevocable guaranties, the obligations of which continue according to their terms, without regard to the death of the guarantor.

The second objection to the decree is based on the fact that some time after Cooper's death, the complainants were required to give an additional bond for costs in the sum of $5,000. This they did, and one Nagel entered into such a bond. It is said that Nagel and Cooper thus became joint obligors, and that the death of one of two joint obligors releases the one dying from any liability for future transactions. It is a sufficient answer to this objection to say that, as Cooper and Nagel were not parties to the same contract, they were not joint obligors.

The third objection to the decree is that the claim is barred by an Ohio statute of limitations, which reads as follows:

"No executor or administrator, after having given notice of his appointment, as provided in this chapter, shall be held to answer to the suit of any creditor of the deceased, unless it be commenced within four years from the time of his giving bond as aforesaid, excepting in the cases hereinafter mentioned: provided, however, that any creditor whose cause of action shall accrue or shall have accrued after the expiration of four years from the time that the executor or administrator of such estate shall give or shall have given bond according to law, and before such estate is fully administered, may commence and prosecute such action at any time within one year after the accruing of such cause of action, and before such estate shall have been fully administered; and no cause of action against any executor or administrator shall be adjudged barred by lapse of time, until the expiration of one year from the time of the accruing thereof." Rev. St. Ohio, § 6113.

The bond was given in September, 1887. Cooper died August 31, 1888. Howard Ferris was appointed his administrator and gave bond September 11, 1888, and gave due notice of the same by publication. The administrator never filed an inventory or account, but on March 23, 1892, he filed the following papers:

Statement of administrator, filed as follows:

"Howard Ferris, administrator of the estate of Samuel Cooper, deceased, makes oath, and says that he is the duly-appointed administrator of said estate, and that no assets have ever come into his hands as such administrator, and that no claims of any kind have ever been presented to him, except such as have been fully paid by the widow of Samuel Cooper, deceased. Having received no funds as administrator, and having paid out nothing, the said Howard Ferris files this statement, under oath, as and for his final account herein, and for the discharge of his trust.                    Howard Ferris.
"Sworn and subscribed to before me, this 23d day of March, A. D. 1892.
          "Chas. E. James, Justice of the Peace, Hamilton County, Ohio."

Affidavit of widow as to settlement of estate, filed as follows:

"Hannah Cooper Fewlass, of lawful age, being duly sworn, makes oath and says on the 30th day of August, 1888, Samuel Cooper deceased, leaving no will, and that she, as his widow, was his sole heir, there being no issue at the time of his death; that Howard Ferris was appointed and qualified as administrator of said estate; and that she has read his statement to the effect that he received no moneys or assets of any kind as such administrator, and disbursed none, and that such statement she knows and believes to be true, and she asks that said statement be taken as a final account, and that he be fully and finally discharged as such administrator, and his bondsmen be released from any and all liability on account of said bond. The said Hannah Cooper Fewlass further represents that all debts due and owing from said Samuel Cooper at the time of his decease have been fully paid by her.
                    "Hannah Cooper Fewlass.
"Sworn and subscribed to before me this 23d day of March, A. D. 1892.
          "Howard Ferris, Probate Judge & Ex Officio Clerk,
                    "By Chas. E. James, Deputy Clk."

These papers were filed under section 6190 of the statutes of Ohio, which is as follows:

"When an executor or administrator has paid or delivered over to the persons entitled thereto, the money or other property in his hands as required by the order of distribution, or otherwise, he may perpetuate the evidence of such payment by presenting to the court, within one year after such order was made, an account of such payments, or the delivery over of such property: which being proved to the satisfaction of the court, and verified by the oath of the party, shall be allowed as his final discharge, and ordered by the court to be recorded; and such discharge shall forever exonerate the party and his sureties from all liability under such order, unless his account shall be impeached for fraud or manifest error."

The record discloses no order of court allowing these papers to constitute the administrator's final discharge, or directing them to be recorded as such. It appears that the deceased was a member of two partnerships, and that, upon the application of the surviving partners, the assets of the two firms were appraised, but the appraisements have never been returned to court, and no settlement has been had in accordance with the statutes for the settlement and distribution of the interest of the deceased partner. The widow, who was sole heir and sole next of kin, appears to have paid such debts of the estate as came to her knowledge; to have taken the proceeds of one partnership; and to have succeeded her husband as a member of the other without a settlement.

The decree for costs against the complainants was not rendered in the circuit court until October 24, 1895. It was then entered nunc pro tunc, in accordance with the mandate of this court, as of October 25, 1894, because of the death of one of the parties to the

record, after submission of the case and before its decision. The petition of appellees, upon which the decree appealed from is founded, was filed April 13, 1896, or within a year after rendition of the decree for costs against Cooper's principals.

No cause of action accrued against Cooper's estate until the decree for costs was entered against those for whom Cooper had become surety. Until that time neither the existence nor the amount of his obligation was established. Until that time no action could have been brought on the cost bond against Cooper or his estate. Alexander v. Bryan, 110 U. S. 414, 4 Sup. Ct. 107; Newton v. Hammond, 38 Ohio St. 431. The statute did not begin to run except from the time when the decree was actually entered. The fiction of a nunc pro tunc entry has no effect whatever on the operation of the statute of limitations. Borer v. Chapman, 119 U. S. 587, 602, 7 Sup. Ct. 342.

But it is said that the saving clause of section 6113, Rev. St., quoted above, has no application except in cases where the estate has not been fully administered, and that in this case the estate had been fully administered, and the administrator was discharged. We cannot assent to this view. The record does not show that the papers which the administrator filed March 23, 1892, were ever allowed as his final discharge, or were ever ordered to be recorded as such. It might be questioned whether the court could have made such an order in this case which would have been effective. Weyer v. Watt, 48 Ohio St. 545, 28 N. E. 670. However that may be, no order was made, and Ferris remained administrator and the estate remained unsettled. The case of the appellees is therefore clearly within the saving proviso of section 6113.

Some other questions of minor importance are raised upon the record, which we need not notice. The decree of the circuit court is in all respects affirmed, with costs.