## Kinney, Administrator, *v.* Riddle, Assignee.

[No. 22,137.   Filed January 14, 1914.   Rehearing denied
April 1, 1914.]

1. Assignments for Benefit of Creditors.—*Rights of Assignee.—
   Capacity to Sue.*—While §251 Burns 1908, §251 R. S. 1881, re-
   quires that every action must be prosecuted by the real party in
   interest, except as otherwise provided in §252 Burns 1908, §252
   R. S. 1881, under the latter section an assignee for the benefit of
   creditors may sue without joining the persons for whose benefit
   the action is prosecuted.   p. 402.

2. Pleading.—*Plea in Abatement.— Capacity to Sue.— Burden of
   Proof.*—A defendant pleading in abatement of the action that the
   plaintiff, who sued as assignee for the benefit of creditors, had
   been discharged and had not capacity to sue as such, has the
   burden of proof as to such issue.   p. 403.

3. Assignments for Benefit of Creditors.—*Allowance of As-
   signee's Account. — Effect.— Discharge. —* Evidence that the as-
   signee of an insolvent corporation presented what was termed a
   final account of his administration of the trust, which was ap-
   proved, showing that he had sold the property and had paid all
   the indebtedness, except certain claims which he had the money
   to pay, and had made a large distribution to the stockholders,
   was insufficient, in the absence of evidence showing an order of
   his final discharge, to sustain a plea in abatement on the theory
   that he was no longer the assignee and had no capacity to sue as
   such, since the mere approval of an assignee's report will not
   operate to depose him from power so as to deprive him of the
   right to sue for uncollected debts due to the estate.   pp. 403, 404.

4. Assignments for Benefit of Creditors.—*Method of Discharg-
   ing Assignee.*—In the absence of a statute providing for the dis-
   charge of an assignee for the benefit of creditors, he will be dis-
   charged from the duties and liabilities of his office in the same
   manner as other trustees are relieved of their trusts.   p. 403.

5. Appeal.—*Review.—Harmless Error.—Admission of Evidence.—*
   Where defendant in an action by an assignee for the benefit of
   creditors, pleaded in abatement that plaintiff had been discharged
   and had not capacity to sue as assignee, error, if any, in admit-
   ting the testimony of a witness to show that plaintiff was still the
   acting assignee, was harmless in view of the fact that defendant
   wholly failed to sustain his plea in abatement.   p. 404.

From Probate Court of Marion County (9,021) ; *Frank
B. Ross,* Judge.

Action by John Q. Riddle, assignee of the Baackes Wire Nail Company, against Collie E. Kinney, administrator of the estate of Jacob S. Hildebrand, deceased. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Collie E. Kinney,* for appellant.
*Albert G. Otto,* for appellee.

Cox, J.—This appeal is from a judgment of the lower court allowing and ordering paid a claim for $9,305.80 against the estate which appellant was administering in that court. Omitting the caption and subscription and jurat, the claim was stated as follows: "John Q. Riddle, being duly sworn, says on his oath that he was duly appointed and qualified as assignee of the Baackes Wire Nail Company of the city of Cleveland, county of Cuyahoga, state of Ohio, on the fourteenth (14) day of June, eighteen hundred and ninety-three, (1893), that he has acted as such assignee and is still acting as such under the control and direction of the probate court of the county and state last aforesaid; that on the fourteenth (14) day of October, eighteen hundred and ninety-three, (1893), he took and obtained, in Marion Circuit Court, Marion County, Indiana, judgment against Jacob S. Hildebrand and James L. Fugate, who were then partners and doing business under the firm name and style of Hildebrand and Fugate, for the sum of four thousand six hundred and forty-five dollars and fifteen cents, ($4,645.15), that said judgment is entered in order book, number one hundred and three, (103), page five hundred and six, (506), of the records of said court, that the only credit on said judgment is the sum of two hundred and thirty-two dollars and twenty-five cents, ($232.25), which was paid on the fourth day of January, eighteen hundred and ninety-seven, (1897), by A. P. Hendrickson, receiver for said firm, that there is due, owing and unpaid, on account of said judgment the total sum of seven thousand,

seven hundred and fifty-seven dollars and thirty cents, ($7,757.30), that no payment has been made on said judgment except as hereinabove referred to and that there are no set-offs against the same, that the said James L. Fugate has since died leaving no estate whatever; that such judgment was a joint judgment and that this claim should now be allowed against the estate of this decedent and administrator thereof as a lien against the real estate owned by said decedent at the time of his death, in proper priority.''

The sufficiency of the statement of claim was not raised but appellant challenged the capacity and authority of appellee to sue, by a verified answer in abatement as provided by §371 Burns 1908, §365 R. S. 1881. This answer averred in substance that appellee was, at one time, acting as assignee of the Baackes Wire Nail Company as in the statement of claim alleged, but that he had filed his final report and that the trust had been closed and appellee discharged long before the filing of the claim; that he had filed the same without the order, direction, or authority of any court of competent jurisdiction to which he was accountable in his alleged capacity. Appellee filed a reply of general denial to this answer and the issue thus formed was specifically found against appellant. This finding, it is earnestly contended, was not supported by the evidence. While §251 Burns 1908, §251 R. S. 1881, requires that every

1. action must be prosecuted by the real party in interest except as otherwise provided in the next section (§252 Burns 1908, §252 R. S. 1881), the latter explicitly gives authority to a trustee such as an assignee in insolvency to sue without joining the person for whose benefit the action is prosecuted. It cannot be doubted, therefore, that if appellee was still clothed with the authority and duty attached to his trust he was competent to sue. In most jurisdictions an assignee for the benefit of creditors may bring suit in regard to the property assigned in his own

name, without joining either the assignor or the creditors. 4 Cyc. 243.

The burden of sustaining the plea in abatement by proof rested on appellant. To discharge this burden, appellant introduced evidence which showed that in 1893 the Baackes Wire Nail Company conveyed in trust to appellee, for the benefit of its creditors, to be administered according to the laws of Ohio relating to insolvents, all of its property including, specifically, claims and choses in action; that appellee accepted the trust, qualified and entered upon the execution of it under the direction of the Probate Court of Cuyahoga County, Ohio; that in 1904, he made what was termed a final account of his administration of the trust, in which it appeared he had sold the business of the concern, had paid, except one note and a few small claims which he showed he had money on hand to pay, all its large indebtedness, and made a large return to the stockholders, but not all the money invested by them in the enterprise; that this account was, in the same year, approved by the court and ordered to be recorded. The account did not exhibit any uncollected outstanding claim. No evidence was given, however, which made it appear that there was any order of the court that appellee was finally discharged as such trustee and his authority extinguished. The contention of appellant, that the evidence was insufficient in law and fact to sustain the finding against him on the question of appellee's right to maintain the action, is based wholly upon the showing as to the payment of debts which was made in the final account and the fact that this account was approved. It is claimed that by the order approving the final account, the duties of appellee in relation to and his authority over the assets of the assignor ended. But no statute of Ohio so providing was proved, nor is pointed out. In the absence of such a statute an assignee will be dis-

charged from the duties and liabilities of his office in the same manner as other trustees are relieved of their trusts. Burrill, Assignments (6th ed.) §423. The evidence produced by appellant in this case failed to show a discharge of appellee in any way recognized. 2 Perry, Trusts (6th ed.) §921; *Grimes* v. *French* (1891), 13 Ky. L. R. 398. In fact, so far as this evidence went, it showed that, at the time the account of appellee was presented and approved, his duties had not been fully discharged in the matter of paying the debts of the assignor and, as stated above, it made no showing of uncollected claims. The judgment which was the basis of this action was neither satisfied nor had it been assigned by appellee to the assignor of the trust estate. It has been held that where an assignee for the benefit of creditors, in an action by him for a settlement of the trust, was asking as a protection for himself the approval of his acts by the court, and the commissioner's report charged him with what he had collected and credited him with what he had paid out, an order confirming the report and adjudging that he ''be released from liability as assignee'' must be regarded as relating merely to the acts which the court was passing upon, and not as deposing the assignee from all power, so as to deprive him of the right to sue for uncollected debts which were left in his hands. *Grimes* v. *French, supra;* see, also, *Fewless* v. *Keeshan* (1898), 88 Fed. 573, 32 C. C. A. 8; *Garver* v. *Tisinger* (1888), 46 Ohio St. 56, 18 N. E. 491; *Weyer* v. *Watt* (1891), 48 Ohio St. 545, 28 N. E. 670; *Stanford* v. *Lockwood* (1884), 95 N. Y. 582.

As cause for a new trial, appellant assigned the action of the court in admitting, over the objection of appellant on the ground that it was hearsay, the testimony of a witness in behalf of appellee to show that appellee was still the acting assignee of the Baackes Wire Nail Company. In view of the fact that appellant's evidence wholly failed to sustain his plea in abatement, this

testimony, even if erroneously admitted, was harmless and not cause for reversal.

No question is presented on the merits of the claim itself and, as no harmful error has been shown on the two questions presented and considered, the judgment is affirmed.

NOTE.—Reported in 103 N. E. 835. As to the rule that the burden of proof rests on the party asserting the burden of the issue, see 16 Am. St. 439. As to whether assignee for creditors is real party in interest by whom action must be brought, see 64 L. R. A. 610.