**In re VALLEY STEEL CORPORATION, Debtor.**

**NEW JERSEY STEEL CORPORATION, Plaintiff,**

v.

**Donald W. HUFFMAN, Trustee, Defendant.**

**Bankruptcy No. 7–88–01453–7.
Adversary Proceeding No. 7–95–00130.**

United States Bankruptcy Court,
W.D. Virginia.
Roanoke Division.

April 9, 1997.

---

D. Stan Barnhill, Roanoke, VA, for Donald W. Huffman, Trustee.

Susan L. Rhiel, Columbus, OH, Thomas B. Dickenson, Roanoke, VA, for New Jersey Steel Corporation.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The court has before it a motion by New Jersey Steel Corporation (herein New Jersey Steel) which seeks determination of the following issues:

1. The date upon which the statute of limitations under which the trustee could have pursued claims against directors of Valley Steel Corporation (herein Valley Steel) on behalf of the estate expired.

2. A determination of the appropriate standard of care imposed on the trustee in carrying out the trustee's duties under 11 U.S.C. § 704.

The parties have submitted extensive memoranda with respect to the two issues presented and have argued their respective positions before the court. The court has considered the written memoranda and the oral arguments. For the reasons stated in this decision and order, the court finds as follows:

1. That for purposes of the commencement of the statute of limitations the docketing of the order for relief in the involuntary Chapter 7 proceeding of Valley Steel was, as reflected by the court's docket entry number 13, November 13, 1992. Pursuant to 11 U.S.C. § 108(a)(2), the trustee had two years after the order for relief to commence any action against the Valley Steel directors. Thus, the statute of limitations for any cause of action which the trustee might have against the Valley Steel directors expired on November 14, 1994.[1] The *nunc pro tunc* provisions of the order dated November 4, 1992, and docketed November 13, 1992, have no effect on the operation of this statute of limitations.

2. The standard of care imposed upon the trustee in the exercise of his duties under 11

---

1. November 13, 1994, was a Sunday.

U.S.C. § 704 is that set out in *In re Hutchinson,* 5 F.3d 750 (4th Cir.1993). That standard is whether the trustee acted as expeditiously as was compatible with the interests of the debtors and other parties in interest.

*Facts:*

As the litigants are only too well aware, this case has a long and twisted history starting from its inception as an involuntary petition in bankruptcy filed against Valley Steel by three creditors. The petition turned out to be defective in nature and, upon motion of Valley Steel, this court dismissed it. Before the creditors could correct the defective portions of the involuntary petition and refile, Valley Steel filed a Chapter 11 proceeding. Thereafter, the three petitioning creditors filed another involuntary petition. However, this court dismissed it in favor of the voluntary Chapter 11. The involuntary petitioners appealed to the district court which reversed this court's decision and held that the second involuntary petition related back to the first involuntary petition and took precedence over the voluntary Chapter 11 proceeding. The district court's decision was appealed to the Fourth Circuit which ultimately upheld the district court's opinion. While the involuntary petition worked its way through the appellate levels of the judicial system, the voluntary Chapter 11 proceeding of Valley Steel proceeded. At a point in time, however, Valley Steel voluntarily converted its Chapter 11 to a Chapter 7 proceeding and Donald W. Huffman (herein Huffman) was appointed Chapter 7 trustee of the voluntary Chapter 7. He proceeded to administer the assets of Valley Steel.

On June 4, 1992, the Fourth Circuit Court of Appeals affirmed the district court's decision dated July 16, 1990. Thereafter, the parties returned to bankruptcy court and litigated the issue of whether or not the voluntary Chapter 7 should be consolidated into the involuntary Chapter 7 for purposes of further administration. Out of this litigation arose this court's order dated November 4, 1992, and docketed November 13, 1992. The order accomplished three things:

1. It found Valley Steel to be in default in filing a responsive pleading to the involuntary petition which led to a finding by the court, that, under 11 U.S.C. § 303(h), the petition was not timely controverted and that Valley Steel should be adjudicated under Chapter 7 of Title 11 of the United States Bankruptcy Code.

2. It directed the clerk of the bankruptcy court to distribute the order for relief in the involuntary proceedings and that the order for relief was to be entered *nunc pro tunc* to July 6, 1992.[2]

3. Consolidated the voluntary Chapter 7 proceeding into the involuntary Chapter 7 proceeding with the direction that the case proceed in the involuntary proceeding. On page 2 of the November 4, 1992 order, the court stated:

> Once adjudicated, however, it is necessary for the debtor to comply with the statutory requirements imposed on it and it is necessary that an interim trustee to [sic] be appointed by the Office of the U.S. Trustee and that a section 341 meeting be held where the creditors may elect a trustee. *See,* 11 U.S.C. § 702 and Bankruptcy Rule 2009.

Subsequent to the entry of the November 4, 1992 order, the Office of the U.S. Trustee appointed Huffman as interim trustee in the involuntary proceeding. Thereafter, a section 341 meeting was held and, because there was no election of a trustee under section 702(d), Huffman became the permanent trustee at the conclusion of the section 341 meeting. He then proceeded to administer the estate under the involuntary case.

---

**2.** The date of the *nunc pro tunc* order July 6, 1992, arose as a result of argument by the three petitioning creditors that Valley Steel had a ten-day period for filing of a responsive pleading after the Fourth Circuit's determination that its motion to dismiss the second involuntary petition should be denied. Thus, the sole reason for making the November 4, 1992 order *nunc pro tunc* to July 6, 1992, was to make the order for relief in the involuntary conform to the rules of bankruptcy procedure as to the earliest date that a default judgment order could have been entered adjudicating the debtor an involuntary bankrupt.

*Law and Discussion*

A. Statute of Limitations.

■ 11 U.S.C. § 108(a)(2) states as follows:

> If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—
>
> (2) two years after the order for relief.

The issue in this case and what divides the parties, is the effective date of the order for relief. New Jersey Steel argues that the *nunc pro tunc* provision of the November 4, 1992 order makes the effective date of the order for relief under section 108, July 6, 1992, leading to the conclusion that the statute of limitations for bringing claims against the Valley Steel directors expired on July 6, 1994. Huffman, on the other hand, takes the position that the earliest that the statute of limitations began to run is the date of the order, November 4, 1992, leading to the conclusion that the statute of limitations expired, at the earliest, on November 4, 1994.

Having considered all the arguments of counsel and the authorities cited, the court is satisfied that *Borer v. Chapman*, 119 U.S. 587, 7 S.Ct. 342, 30 L.Ed. 532 (1887), governs a decision in this case. In deciding *Borer*, the Supreme Court stated:

> The date of that entry [of the *nunc pro tunc* order] is by a fiction of law, made and considered to be the true date of the judgment for one purpose only, and that is to bind the defendant by the obligation of the judgment entered as of a date when he was in full life; but the right of the complainant in this bill to enforce that judgment by the present proceeding certainly did not begin until after the judgment in that form was actually entered. Until that time, the right was in abeyance; the litigation had, until then ended, been continuously in progress. It cannot be that the statute of limitations will be allowed to commence to run against a right until that

right has accrued in a shape to be effectually enforced.

*Borer*, 119 U.S. at 602, 7 S.Ct. at 349–50.

The rationale of the *Borer* decision is seen in the last sentence quoted above. A number of other courts have followed this reasoning. For example, in *Fewlass v. Keeshan*, 88 F. 573 (6th Cir.1898), the Sixth Circuit stated: "[t]he statute did not begin to run except from the time when the decree was actually entered. *The fiction of a nunc pro tunc entry has no effect whatsoever on the operation of the statute of limitations.*" *Id*, (citing *Borer*) (emphasis added). *See also, American Sur. Co. of New York v. Gainfort*, 123 F.Supp. 743, 745 (S.D.N.Y.1954) (holding that the retroactive effect of a June 14, 1935 judgment for $6,329.00 with interest, etc. *nunc pro tunc* as of June 30, 1930, only relates to interest "and has no significance with respect to the statute of limitations") *aff'd*, 219 F.2d 111 (2nd Cir.1955); *In re Stafford*, 240 F. 155, 156–157 (D.Conn.1917) ("[F]or the purposes of a statute of limitations, the date of a judgment *nunc pro tunc* is the date of its entry, and not the date as of which the judgment order is to take effect, and until the entry of the judgment, the right is in abeyance.")

■ New Jersey Steel makes much of the fact that Huffman was the trustee in the voluntary Chapter 7 proceeding as well as the trustee in the involuntary Chapter 7 proceeding and argues that he knew about the claims against the Valley Steel directors during his tenure as trustee in the voluntary Chapter 7. It argues further that he is not prejudiced by the four-month gap between July 6, 1992, and November 4, 1992, because of his service as trustee in the voluntary Chapter 7. However, in deciding this issue, it is important to focus on the office of trustee and not the person who fills that office. When viewed in this fashion, it is clear that the trustee in the involuntary Chapter 7 did not have a right to initiate any cause of action against the Valley Steel directors until, at the earliest, November 4, 1992, when the order adjudicating Valley Steel an involuntary bankrupt was entered. As the record reflects, after the entry of the November 4, 1992 order, Huffman was appointed interim

trustee and ultimately became permanent trustee after the section 341 meeting in the involuntary case. As in *Borer,* Huffman's right to bring a lawsuit against the Valley Steel directors in the involuntary case was held in abeyance until the order for relief was entered and the Office of the U.S. Trustee was in a position to appoint an interim trustee. The Office of the U.S. Trustee was not so positioned until, at the earliest, November 4, 1992. Therefore, this court holds that for purposes of commencing of the statute of limitations under 11 U.S.C. § 108(a)(2), the actual date of entry of the order adjudicating Valley Steel an involuntary controls. Further, this court holds that the order of adjudication, although dated November 4, 1992, actually became effective when it was docketed on November 13, 1992.

### B. Trustee's Standard of Care.

New Jersey Steel seeks a judgment against Huffman in this case for his alleged failure to carry out the duties imposed by a trustee under 11 U.S.C. § 704(1) of the Bankruptcy Code. Under that section, the trustee is to "(1) collect and reduce to money the property of the estate for which such trustee serves and close such estate as expeditiously as is compatible with the best interest of parties in interest." The specific complaint of New Jersey Steel is that the trustee failed to investigate and pursue claims or causes of action on behalf of the estate against the former directors of Valley Steel in a timely fashion. In a nutshell, New Jersey Steel alleges that Huffman knew about potential claims against former directors of Valley Steel and that he let the applicable statute of limitations expire before he ever investigated the possibility of bringing lawsuits to recover monetary damages against the Valley Steel directors for their breach of fiduciary duties to Valley Steel.

The issue raised here for determination is the standard of care to be used in deciding whether Huffman violated his duties as trustee under 11 U.S.C. § 704. New Jersey Steel takes the position that the standard of care set forth in *In re Hutchinson,* 5 F.3d 750 (4th Cir.1993), is the standard of care to be used in determining the case at bar. In *Hutchinson,* the Fourth Circuit stated:

> In order to close an estate expeditiously, a bankruptcy trustee must expeditiously perform each task necessary to close the estate, including the liquidation of the estate. . . .

We conclude that § 704(1) imposed on McGee an affirmative duty to reduce the Hutchinsons' property to money as expeditiously as was compatible with the interest of the Hutchinsons and other interested parties. So construed, the statute itself provides the necessary standard of care. The issue is not whether McGee acted reasonably in general, as the bankruptcy court viewed it, but whether she acted "as expeditiously as [was] compatible with the best interests" of the Hutchinsons and the other interested parties. Stated somewhat differently, the Appellants had to show that the delays in selling the Hutchinsons' property were not reasonable given a standard of expeditious conduct by a bankruptcy trustee.

> Discretion and judgment are irrelevant to the application of this rule. Therefore, the bankruptcy court erred in "taking into consideration the considerable discretion enjoyed by bankruptcy trustees". . . Appellants *do not challenge a discretionary decision of the trustee.*

*Hutchinson,* 5 F.3d at 754.

The trustee, on the other hand, takes the position that the applicable standard of care is one of reasonableness. As stated in his brief, the trustee believes that,

> Under the applicable law, New Jersey Steel must prove that Huffman was negligent in his exercise of his discretion to forego bringing a claim against the Valley Steel directors. As part of that proof burden, New Jersey Steel must show that had Huffman brought such a suit (1) he would have obtained a favorable judgment against the directors; (2) he would have been able to collect the judgment; and (3) he would have been able to accomplish both of these tasks without expending ex-

cessive amount of estate funds in the process.

*See* Huffman's Response at page 11.

Where Huffman and New Jersey Steel differ is that Huffman believes that this case involves an exercise of discretion by the trustee which is governed by the standard of care which he articulates. All of the cases cited by Huffman for the proposition that the reasonable person standard should be employed in this case predate *Hutchinson.*

In *Hutchinson,* the Chapter 7 trustee had a fully equipped dairy farm which had liens and exemption claims against it totaling § 128.030.00. She received an offer to purchase the farm for $135,000.00 less than three months after the filing. However, between the time she received the offer (September 1981) and the date of court approval of the sale (April 1982), the offer was reduced twice because the offeror discovered that assets comprising the dairy farm operation were missing. The last offering price was $80,000.00 which the trustee refused to accept and the property was ultimately foreclosed. The holder of the second lien deed of trust and the debtors got nothing from the foreclosure sale and sued the trustee for negligence. *Hutchinson* at 752.

In deciding the standard of care issue, the Fourth Circuit noted: "What Appellants challenge is not McGee's exercise of discretion regarding the Holbrook sale, but her expedition in obtaining the information necessary to make that decision." *Id.* at 754. The Fourth Circuit stated:

> In analyzing whether McGee failed to liquidate the Hutchinsons' estate as "expeditiously as is compatible with the best interest of parties," two questions must be asked. First, did McGee expeditiously determine whether Holbrook's offer represented the best price available at the time the property was for sale? Second, once McGee determined that Holbrook's offer should be accepted did she act expeditiously to obtain the bankruptcy court's approval of the sale? *Id.*

As stated above, the issue in this case, raised by the allegations in the complaint, is whether the trustee moved "expeditiously" to determine whether he had a cause of action against the Valley Steel Directors.[3] This issue is similar to the *Hutchinson* issue of whether the trustee moved expeditiously in obtaining the information necessary to make the decision on whether to sell the dairy farm for the offered price. As in *Hutchinson,* New Jersey Steel does not challenge the exercise of discretion. This court finds that the Fourth Circuit's decision in *Hutchinson* is applicable in deciding the issue of liability in the case at bar.

For the foregoing reasons, it is

## ORDERED:

That the statute of limitations in the above-captioned case for causes of action against the Valley Steel directors for breach of their fiduciary duty to Valley Steel Corporation commenced to run, for the trustee in the involuntary Chapter 7 proceeding, on November 13, 1992, and expired on November 14, 1994. It is

## FURTHER ORDERED:

█ That for purposes of determining the issue of the trustee's liability for violation of the duties imposed by 11 U.S.C. § 704 of the Bankruptcy Code the standard of care is one of expeditious conduct as set forth in *In re Hutchinson,* 5 F.3d 750 (4th Cir.1993). The burden which New Jersey Steel will bear is to show by a preponderance of the evidence that the trustee's conduct in connection with the claims against former directors of Valley Steel Corporation does not meet standard of expeditious conduct.

---

**3.** See paragraphs 26–32 of the amended complaint.