## ALEXANDER v. BRYAN.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF ALABAMA.

Argued January 25th, 1884.—Decided March 3d, 1884.

*Executor and Administrator—Limitations—Pleading—Surety.*

In Alabama a plea which denies the execution by the defendant of an instrument in writing which is the foundation of the suit, must be verified by affidavit ; and the want of such affidavit may be reached by a demurrer.

In Alabama, the plea of *nil debet* in an action of debt on a bond with condition, where breaches are assigned, is bad on demurrer.

In Alabama, by statute, an action against the surety of an executor, for any misfeasance or malfeasance of his principal, must be brought within six years after the cause of action has accrued, and not afterwards, the time to be computed from the act done or omitted by the principal, which fixes the liability of the surety ; and, until there is a judicial ascertainment of the default of the principal, the liability of the surety is not fixed.

Such judicial ascertainment must be something more than an auditing of accounts, or an ascertainment or judgment that a distributee's share is so much, or that the distributee is entitled to so much. There must be a decree ordering payment and on which process to collect can issue against the principal.

A decree of a Probate Court, in Alabama, in 1864, finding that a distributee's share was so much, expressed in money, and had been invested in Confederate bonds, and ordering the executor to pay the amount in such bonds, was not a decree on which the executor could be sued to pay in anything but the bonds, or one on which a surety on the bond of the executor could be sued to pay in lawful money of the United States, and a failure of the executor to comply with such decree did not fix the liability of the surety.

Where a complaint in a suit against such surety does not state any facts to show the application of the limitation of such statute, a plea which does not state such facts is bad on demurrer.

An action by a legatee under a will against a surety on the executor's bond, to recover the amount of a legacy alleged to have been wasted by the executor. Plea *nil debet* and the statute of limitations.

*Mr. W. Hallett Phillips* for plaintiff in error.

*Mr. H. Pillans* for defendant in error.

Mr. Justice Blatchford delivered the opinion of the court. On the 22d of November, 1858, John A. C. Horn, having been appointed by the judge of the Probate Court of Marengo County, Alabama, executor of the last will and testament of John Horn, executed, with John D. Alexander and W. B. Lessuer, as sureties, a bond or writing obligatory, under seal, to said judge, in the penalty of $100,000, conditioned that said executor should well and truly perform all the duties which were or might by law be required of him. This suit was brought by Frances L. Bryan against the surety Alexander, in the Circuit Court of the United States for the Southern District of Alabama, on the 12th of February, 1879. The complaint sets forth that the plaintiff obtained a final decree in that court against said executor, June 10th, 1877, for $4,292.12, and costs, in a suit in equity brought by legatees of John Horn against said executor and others, and alleges the non-payment of the decree and a breach of the condition of the bond. The defendant pleaded several unverified pleas, to each of which the plaintiff demurred. The demurrers were sustained. The defendant did not plead further, and the court rendered a judgment for the plaintiff, for $5,207.26. The defendant has brought the case here by a writ of error.

The first plea alleges that the defendant

"did not undertake in manner and form as in said complaint alleged and set forth, and that he does not owe the debt claimed of him in said complaint."

The grounds of demurrer to this plea are (1) that the plea that the defendant did not undertake amounts only to a denial of the execution of the bond and is not verified by oath; (2) that the plea is not verified; (3) that the averment that the defendant does not owe the sum sued for cannot be legally pleaded and tenders no legal issue. By the Code of Alabama (§ 2989) a plea which denies the execution by the defendant of an instrument in writing which is the foundation of the suit, must be verified by affidavit. It is admitted that the want of such affidavit may be reached by a demurrer. But it is contended that the plea is not a plea of *non est factum*. If the

allegation that the defendant did not undertake in manner and form as alleged is not a denial of the execution of the bond, but merely a denial of its operation or effect, it is a bad plea, 2 Chitty Pl. 483, and equivalent only to the plea of *nil debet*, which follows, and bad with that. Indeed, the plaintiff in error contends that all the plea does is to deny liability for a breach of the bond at the time the suit was commenced. In Alabama, the plea of *nil debet* in an action of debt on a bond with condition, where breaches are assigned, is bad on demurrer. *Reid* v. *Nash*, 23 Ala. 733.

The other pleas raise the question of the statute of limitations. The Code of Alabama provides that actions against the sureties of executors for any misfeasance or malfeasance of their principal must be brought within six years after the cause of action has accrued, and not afterwards, "the time to be computed from the act done or omitted by their principal, which fixes the liability of the surety." § 3223, 2898; § 3226, 2901. In order to apply the provisions of this statute it is necessary to state the facts of the case, as set forth in the pleas.

On the 21st of May, 1860, the Probate Court of Marengo County made a decree on partial settlement of the accounts of the executor, in which it was found that there remained due to Frances L. Bryan, as a legatee, $2,700.18, for which she was entitled to a decree. Other sums were found to be due to other legatees, and it was decreed that they should recover those sums of the executor; but in regard to Frances L. Bryan the decree stated that it appeared there was a suit pending between her and her husband respecting the right of possession of the property therein ascertained to be her share, and it ordered that the executor should hold the balance in cash so ascertained to be due to her, subject to the further decree of the court to be made on the determination of said suit. The legatees and the executor were parties to this decree.

Proceedings for a final accounting were afterwards had in the Probate Court, and, on the 2d of May, 1864, it made a decree, stating that the executor had fully administered the estate and had a balance of money for distribution, which he had

invested in four per cent. bonds of the Confederate States, and ordering that of this amount he should pay to Frances L. Bryan, as her share, due to her, $995.78, in said Confederate bonds, this sum being in addition to the prior sum of $2,700.18. It ordered the payment of four other shares in such Confederate bonds, and that the resignation of the executor, then filed, should be recorded.

On the 15th of November, 1867, Sarah Lockhart, one of the legatees, and her husband, and Narcissa Lockhart, another legatee, filed a bill in equity in said Circuit Court against the executor, making as defendants also the other legatees, devisees and heirs of the testator, and others, including Frances L. Bryan and her husband, alleging the failure of the executor to pay to the legatees, including Frances L. Bryan, the moneys so decreed to them, and praying an enforcement of their payment, and a decree therefor against the executor, and against James D. Alexander, as surety on his bond. On the 2d of June, 1871, the court decreed that the executor pay to the plaintiffs in the suit, in lawful money of the United States, the several amounts adjudged to be due to them by the decree of the Probate Court of May 2d, 1864, with interest; and that the remaining defendants be authorized to apply for such order and relief as they might be entitled to ask on the principles of said decree. The executor appealed to this court, and the decree was affirmed at October Term, 1873, *Horn* v. *Lockhart*, 17 Wall. 570, it being held that the executor could not exonerate himself from liability for the moneys adjudged to be due to the legatees, by paying the same in Confederate bonds. In the opinion of the court it was said :

" The validity of the action of the Probate Court of Alabama in the present case, in the settlement of the accounts of the executor, we do not question, except so far as it approves the investment of funds received by him in Confederate bonds, and directs payment to the legatees of their distributive shares in those bonds. Its action in this respect was an absolute nullity, and can afford no protection to the executor in the courts of the United States."

On the 1st of April, 1874, Frances L. Bryan filed her pe-

tition in the Circuit Court, in the said suit in equity therein, under the provisions of the decree, praying for the recovery of the moneys so ascertained to be due to her by the decrees of the Probate Court, against the executor and against Alexander. The petition set forth that the moneys were her separate estate and that she had been divorced from her husband. The court, on June 10th, 1877, made a decree adjudging that no recovery could be had against Alexander, and dismissing the petition as to him, but without prejudice, and decreeing that the petitioner recover, with interest and costs, from the executor, $4,292.12, which was the amount found to be due to her by the report of a master, as the amount, with interest, of the decrees in her favor in the Probate Court.

On these facts the question arises as to when the act was done or omitted by the executor which fixed the liability of the surety, so that the cause of action had accrued against the surety, and the six years had commenced to run.

The plaintiff in error contends that the probate decree of 1864 enabled Mrs. Bryan then to sue him, because the provision as to payment in Confederate bonds was void and could and should have been so treated by her; and that thus there was then an absolute decree against the executor to pay the money, which fixed the liability of the surety at that time. If this be not so, then it is contended that his liability was fixed by the equity decree of June 2d, 1871.

It is very plain that the probate decree of 1860, which directed the executor to retain the share of Mrs. Bryan, $2,700.18, till further order, and did not direct him to pay it to her, cannot affect the question before us. It is settled law in Alabama, that, until there is a judicial ascertainment of the default of the principal, the liability of the surety is not fixed, within the statute; that the bar in favor of the surety must be computed from the time of such ascertainment of such default; that the words "act done," in the statute, mean such judicial ascertainment; and that it is that only which creates a cause of action against the surety, and authorizes a suit against him on his bond. *Fretwell* v. *McLemore*, 52 Ala. 124, 136. There must be something more than an auditing of accounts, or an

ascertainment or judgment that the distributee's share is so much, or that the distributee is entitled to so much. There must be a decree ordering payment and on which process to collect can issue against the principal. *Gilbreath* v. *Manning*, 23 Ala. 418.

As to the probate decree of 1864, the effect of the decision of this court in 17 Wall. 570, was, to leave that decree a valid decree so far as it ascertained that the $995.78 was the amount of the share of Mrs. Bryan, but to declare it invalid so far as it directed anything as to payment. All it directed as to payment was to order the executor to pay the $995.78 in Confederate bonds. This was no direction to pay in lawful money of the United States. It was only an order to turn over the bonds. The direction as to the bonds being invalid the entire direction as to payment fell. Under that decree, so long as the direction to pay in the bonds stood, not abrogated by judicial action, the executor could not be sued to pay in anything but the bonds. Hence the surety could not be sued to pay in lawful money of the United States. This court, in saying that the direction as to payment in bonds was "an absolute nullity," said nothing in conflict with these views. The ascertainment that $995.78 remained due to Mrs. Bryan as her share was coupled with the direction to pay in the bonds, and until the latter was got rid of by judicial action there was only a qualified decree as to the share. The two parts of the decree were not so unconnected that the former could be allowed to operate as a distinct money judgment by rejecting the latter. The clause as to payment was a whole, and directed that the executor pay to Mrs. Bryan the $995.78 "so remaining due her as aforesaid, in bonds as aforesaid." This was preceded by the finding that the executor had received so much money and had invested it "in four per cent. Confederate bonds." Hence, the direction as to payment had immediate reference to the acquittance of the executor by enabling him to discharge his liability to Mrs. Bryan by turning the bonds over to her, and it is not to be presumed the Probate Court intended to say he should pay in any other way. It did not so say. Therefore, Mrs. Bryan could not have maintained any suit against the surety, based on that decree.

The equity decree of 1871 gave to Mrs. Bryan no greater right to sue the surety than she had before. It was a money decree only for the plaintiffs in it, conferring on her, as a defendant, the right to apply in the suit for like relief. She could obtain no relief in the Probate Court, as was held in *Bryan* v. *Horn*, 42 Ala. 496, because that court had no jurisdiction after the settlement of the administration and the resignation of the executor in 1864. Her decree of 1877, in the equity suit, was the first judicial ascertainment of the default of the executor. That decree dismissed her petition as against the surety, "but without prejudice." This showed that it was not dismissed on the merits, but for some defect which was allowed to be obviated by another suit. *County of Mobile* v. *Kimball*, 102 U. S. 691, 705.

The above views dispose of the defence on the merits. The second plea alleges that more than six years from the time of any act done or omitted by the executor, which fixed the liability of the surety on the bond, had elapsed before the commencement of the suit, and that the right of the plaintiff did not accrue within six years before the commencement of the suit, and that the suit and the plaintiff's right of recovery are barred by the six years' statute of limitations. This plea asserts only a conclusion of law, without averring any facts. The complaint alleges merely the giving of the bond, the decree of 1877, and the non-payment of the money, as a breach of the condition of the bond. The suit being brought in 1879, no facts appeared in the complaint to show the application of the limitation on which the plea is based. That being so, the plea must state the facts. *Winston* v. *Trustees*, 1 Ala. 124. This ground of demurrer is stated in the demurrer to the second plea.

By a stipulation in the record, the decree of 1864 is to be considered as set forth *in hæc verba* in the third plea, and the omission to copy it as part of the plea, as agreed by the stipulation, is a clerical error. It appears in the other pleas.

These are all the errors assigned, and

*The judgment of the Circuit Court is affirmed.*