## ZIMMELE v. AMERICAN PLASTER BOARD CO. et al.

(Supreme Court, General Term, First Department.  January 13, 1893.)

1. CANCELLATION OF CONTRACT—FRAUD.

In an action against a corporation and certain officers thereof, the complaint alleged that plaintiff was induced by fraudulent representations of defendants, as individuals, and also as officers and agents of defendant corporation, to pay to them a certain amount for stock of defendant corporation, which was not delivered, but remained in defendants' possession.  On discovering the fraud, plaintiff offered to surrender all claim on the stock, and demanded a return of his money.  *Held*, that the complaint stated a cause of action.

2. SAME—PLEADING.

Where such complaint averred that the individual defendants made the agreement set forth in the complaint, it was not necessary to allege actual authority on their part to make it.

3. SAME—OFFER TO RETURN GOODS.

Plaintiff's offer to surrender all claim on the stock was a sufficient offer to restore what he received, and it was not necessary for him to allege that at the time of his offer he had not parted with his claims on the stock in question.

4. SAME—FRIVOLOUS DEMURRER.

A demurrer to such complaint on the ground that it does not state facts sufficient to constitute a cause of action is frivolous.  Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by John J. Zimmele against American Plaster Board Company, Eastern Plaster Board Company, George W. Sessions, and Albert T. Otto.  From an order granting judgment in favor of plaintiff on the ground that a demurrer to the complaint on the ground that the latter does not state facts sufficient to constitute a cause of action was frivolous, defendants appeal.  Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

F. Forbes, for appellants.

A. Shiland, Jr., for respondent.

VAN BRUNT, P. J.  Without discussing the merits of the demurrers which were interposed to the complaint in this action, it is apparent from the brief submitted upon the part of the respondent upon this appeal that the demurrers were not, in his opinion, frivolous, because he has thought it necessary to submit quite an extensive argument for the purpose of showing and convincing the court that the demurrers in question were not well taken.  Such an argument might be well addressed to this court in support of an order overruling the demurrers after a regular trial thereof, but is entirely out of place if the demurrers were so manifestly bad that the court, upon the mere inspection of the pleadings, would at once recognize their insufficiency.  The order should be reversed, with $10 costs and disbursements, and the motion denied.

O'BRIEN, J.  "If any argument is required to show that the demurrer is bad, it is not frivolous."  Cook v. Warren, 88 N. Y. 39.  I do not think, however, that any argument is necessary in this case, as

a mere inspection of the complaint will show that the demurrer interposed by each defendant is clearly frivolous.    I am in favor of affirming the order appealed from.

VAN BRUNT, P. J.   The fact that the demurrer is not frivolous seems to me to be completely established, in view of the fact that it takes five pages of opinion to show that it should be overruled.

BARRETT, J.   I am unable to concur with the presiding justice in this case.   It is, in my judgment, our duty to consider the merits of these demurrers, so far as to decide whether they are frivolous.   The question should not be concluded by the mistake of the respondent's counsel in submitting three printed pages of points in support of the order appealed from.   Against his unnecessary elaboration may be set off the six printed pages in which the appellants' counsel argue for reversal. But, apart from these irrelevant peculiarities, the question remains whether these demurrers are really frivolous.   The complaint, in substance, alleges that the plaintiff was induced by fraudulent representations on the part of the defendants to pay to them $4,000 (and to give them his note for $1,000) for 50 shares of the capital stock of one of the corporations defendant.   The stock was not delivered, but remained in the defendants' possession.   Immediately upon discovering the fraud, the plaintiff offered to surrender all his claims upon the 50 shares of stock, and demanded the return of the $4,000, and of his note for $1,000.   In other words, he elected to rescind the sale, and to recover what he had paid thereon.   I see no difficulty about these averments, nor ground for questioning the sufficiency of the complaint.   The appellants say that there is no allegation of actual authority on the part of the individual defendants to make the agreement set forth in the complaint.   But the allegation is that the defendants made the agreement, and that is sufficient, as matter of pleading.   And, further, it is averred that the fraudulent representations were made by the individual defendants as individuals, and also as officers, directors, and agents of the corporations defendant.   It is said, too, that the fraudulent representations were to induce the plaintiff to subscribe for stock, not to purchase it.   I can imagine nothing more frivolous than this suggestion.   The representations, as alleged, were to induce the plaintiff "to subscribe for and to purchase" the stock.   On their faith he purchased directly, without a preliminary subscription.   Lastly, the appellants also say that, as the action is to recover back the purchase price upon rescission, the plaintiff was bound to restore, or offer to restore, what he received.   This position is sound, but the plaintiff has, in substance, offered to restore the shares.   The defendants never parted with these shares, and the plaintiff alleges that he offered to surrender all claims upon them.   In other words, he told the defendants that they might keep the shares. The appellants say that he ought to have alleged that, when he made this offer, he had not parted with his claims upon the shares.   This argument is as frivolous as the demurrer.   The order appealed from should be affirmed, with $10 costs and the usual disbursements.