UNITED STATES v. ROSE.

(Circuit Court, N. D. Iowa, W. D. February 3, 1909.)

No. 282.

1. PLEADING (§ 8*)—BILL—CONCLUSIONS.

An averment in a suit to set aside a decree of naturalization that it "was fraudulently and illegally procured" is a mere conclusion, and unavailable unless the facts alleged indicate that defendant procured the decree fraudulently and illegally.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 17; Dec. Dig. § 8.*]

2. ALIENS (§ 70*)—NATURALIZATION—VACATION—PETITION.

Where a bill to set aside a naturalization decree did not allege that defendant had not in fact continuously resided in the United States or some territory thereof for five years and within the state of Iowa for a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

year immediately prior to the filing of his petition, or that he was not in fact entitled to be admitted as a citizen, or that the affidavits attached to the petition did not fully comply with the naturalization act on their face or were in any manner insufficient to confer jurisdiction on the state court, it would be presumed that the petition was in fact sufficient to confer such jurisdiction.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 154; Dec. Dig. § 70.*]

3. ALIENS (§ 70*)—NATURALIZATION—DECREE—VACATION—BILL.

A bill to set aside a naturalization decree was based solely on the fact that the witnesses who made affidavits to the petition and testified at the hearing did not have personal knowledge of defendant's residence in the United States and in Iowa for the requisite time to authorize him to be naturalized. It was not alleged that either of the witnesses intentionally or knowingly testified falsely in either instance, or that defendant procured them to so testify, or that he knew that they did not have personal knowledge of his residence in the United States and in the state of Iowa for the requisite time. The Chief Examiner's affidavit on which the suit was brought merely alleged that it appeared from the naturalization records that one of the witnesses did not see defendant within two years of the time he testified that defendant was a resident of the United States and the state of Iowa when in fact defendant was in Dakota during such years. Held, that the bill was demurrable for want of facts.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 154; Dec. Dig. § 70.*]

On Demurrer to Bill to Set Aside a Decree of Naturalization.

F. F. Faville, U. S. Atty., and Milton M. Dearing, Sp. Asst. U. S. Atty.

R. M. Hunter and W. C. Garberson, for defendant.

REED, District Judge. The bill alleges that on April 29, 1907, the defendant, then an alien and subject of the Emperor of Germany, filed in the district court of Iowa in and for Osceola county a petition for naturalization, and, that upon the final hearing of said petition on October 28th following, said court entered judgment admitting the defendant as a citizen of the United States and awarded to him the proper certificate thereof. It is then alleged in substance that the judgment so admitting the defendant to such citizenship "was fraudulently and illegally procured," in that:

(1) The defendant's petition for naturalization was not verified as required by section 4 of the naturalization act of Congress of June 29, 1906 (Act June 29, 1906, c. 352, 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 422]), in that the witnesses A. M. Ebert and Jacob Krull, who signed the affidavits attached to the petition, did not have personal knowledge of the fact that defendant had been a resident of the United States for five years immediately prior to the filing of said petition.

(2) That defendant did not prove to said court by any competent evidence, or by any witness who had personal knowledge thereof, that he had resided in the United States for the five years immediately preceding the date of his petition for naturalization.

(3) That upon the final hearing of said petition the defendant produced as witnesses to prove his residence in the United States A. M.

Ebert and Jacob Krull, who, being duly sworn, testified that they had personal knowledge of the fact that the said defendant had resided in the United States for the five years immediately preceding the date of his petition; that said witnesses did not have personal knowledge of such fact and were not qualified or competent witnesses to prove that fact; and that the court rendering said judgment was imposed upon by the testimony of said witnesses, and was induced to render said judgment by the false and fraudulent testimony of said witnesses. The prayer is that said judgment in favor of, and certificate of naturalization so awarded to, defendant be canceled and set aside.

It is also alleged that the suit is brought upon an affidavit of Allan F. Church, showing good cause therefor, which affidavit is attached to the bill, and is as follows:

"I, Allan F. Church, Chief Examiner of the United States Naturalization Bureau at St. Louis, Mo., upon oath state that the naturalization records of this office show that one John L. Rose was admitted to citizenship by the district court of Osceola county, Iowa, on October 28th, 1907; that the witnesses to Mr. Rose's petition were A. M. Ebert and Jacob Krull; that the applicant, John L. Rose, was in Dakota two years prior to 1905; that the witness A. M. Ebert did not see said Rose in the two years referred to.
"[Signed and sworn to by]    Allan F. Church,
"Chief Examiner."

The averment that the judgment "was fraudulently and illegally procured" is a mere conclusion, and of no avail unless the facts alleged show that defendant so procured the same; and the second paragraph of the bill as above set out must be limited to, and controlled by, the facts stated in paragraph 3.

The bill does not allege that defendant had not in fact continuously resided in the United States or some territory thereof for the full period of five years, and within the state of Iowa for one year, immediately prior to the filing of his petition, or that defendant was not in fact entitled to be admitted as a citizen; nor is it alleged that the petition for naturalization, including the affidavits attached thereto, upon its face does not fully comply with the requirements of the naturalization act, or was in any manner insufficient to authorize the district court of Osceola county to admit the defendant as a citizen, if its allegations should be proved to the satisfaction of the court upon the final hearing, as required by said act. The petition must therefore be presumed to be sufficient to authorize the court to act thereon; and the only allegation assailing the judgment is that the witnesses named, who made affidavit to the petition and testified upon the final hearing, did not have personal knowledge of defendant's residence in the United States and in the state of Iowa for the requisite time to authorize him to be admitted as a naturalized citizen of the United States. But there is no allegation that the witnesses, or either of them, intentionally or knowingly testified falsely in either instance, or that the defendant procured them to so testify, or that he even knew that they did not have personal knowledge of his residence in the United States and the state of Iowa for the requisite time. If the affidavit of the Chief Examiner of the Naturalization Bureau attached to the bill of complaint as grounds for bringing this suit is to be considered, then it

only appears that the naturalization records in his office in St. Louis show that the defendant was in Dakota two years prior to 1905 (in which of the Dakotas, or for how long, is not stated), and that the witness Ebert did not see the said Rose within the two years referred to. But defendant might have been in Dakota some or all of the time during such two years, and still have been an actual resident of Iowa to the personal knowledge of said witness. It would be an unsafe rule to establish that the judgments of courts of general jurisdiction, regular upon their face, could be set aside and declared void upon the bare allegation or proof that an affiant who verified the petition upon which the judgment is founded, when verification is necessary, or a witness who testified upon the hearing, should mistakenly or unintentionally state in his affidavit or testimony that he had "personal knowledge" of an existing fact necessary to be stated to warrant the judgment, though he did not have such knowledge, when the existence of the fact is in no manner challenged or disputed, and may have been satisfactorily proven to the court by other competent evidence upon the trial or hearing. The presumption must therefore be indulged, in the absence of any allegation in the bill that the defendant was not a resident of the United States and of the state of Iowa for the required time, or that he knowingly presented to the court false evidence thereof, that such residence was satisfactorily shown to the court by competent evidence upon the final hearing of defendant's application to be admitted as a citizen.

The demurrer to the bill is therefore sustained, and an order may be accordingly so entered.