### MURPHY v. MITCHELL.

(District Court, N. D. New York. December 31, 1917.)

CONSPIRACY ⬅18—TO INDUCE EXECUTION OF WILL—COMPLAINT—SUFFICIENCY.

    A complaint seeking to recover damages for fraud and deceit alleged that decedent made a valid last will and testament, making large gifts to plaintiff, that defendants, aided by others and a priest of the church of which decedent was a member, conspiring and acting together to the injury of plaintiff, and at a time when decedent was incompetent to make a will, by deception, misrepresentations, and threats, conspired to have him make another will, which greatly reduced the gifts to plaintiff, and that, concealing the fact of the execution of the first will, defendants induced plaintiff to accept the legacy under the second will. *Held* that, as mere general allegations of fraud and conspiracy are of no value as stating a course of action, the complaint was insufficient not indicating what facts defendants have to meet.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by Mary A. Murphy against John Clark Mitchell. Application on rule to show cause for an order striking from the new complaint allegations, which were claimed to be mere conclusions or in the alternative requiring plaintiff to make the complaint more definite and certain. Motion sustained, in event of failure of plaintiff to serve an amended complaint.

See, also, 245 Fed. 219.

This is an application, on rule to show cause, for an order striking from the new complaint in this action certain allegations which are claimed to be mere conclusions, or, in the alternative, requiring the plaintiff to make the complaint more definite and certain by stating what acts of improper and undue influence were practiced on one Dennis Sullivan to induce him to make a new will when incompetent to execute a will, and what deception was practiced upon him, and what misrepresentations, threats, and promises were made to said Dennis Sullivan to induce, and which did induce, him to make what purported to be another last will and testament revoking a former will.

Edgar T. Brackett, of Saratoga Springs, N. Y., for plaintiff.
Rushmore, Bisbee & Stern, of New York City, for defendant.

RAY, District Judge (after stating the facts as above). The gist of the complaint, which is to recover damages for fraud and deceit, is that one Dennis Sullivan, now deceased, was a man of large means and who left an estate of several hundred thousand dollars; that he made a valid last will and testament under the provisions of which the plaintiff would have received $800,000 or more; that thereafter the defendant, aided by others, all conspiring and acting together to injure and to the injury of the plaintiff, and at a time when said Dennis Sullivan had become incompetent to make and execute a will by reason of old age and mental and physical infirmities, and was unable to withstand deception, misrepresentations, threats, and promises, conspired to have said Sullivan make another will, purporting to revoke his prior will, which should substantially cut off the said Mary A. Murphy and greatly reduce her legacy or share in his estate, to defendant's advantage. The complaint, in paragraph 6, alleges:

"That in carrying out said conspiracy he [defendant] improperly and unduly influenced the said Dennis Sullivan and both himself, personally, and acting through such others ('such others' being previously named so far as plaintiff was able to do so), among such others being said Malone, a priest of the Roman Catholic Church, in the faith of which church the said Dennis Sullivan had been raised, and said Lewis and said Grant, wrongfully and by improper and undue influence and by threats and promises, induced said Dennis Sullivan to make and execute another paper, in form, and purporting to be his last will and testament."

The complaint then alleges that, concealing the fact of the execution, etc., of the first will mentioned, the defendant, aided by such others, or some of them, and in execution of the scheme and conspiracy, represented that such second paper was the last will of said Sullivan, and procured her to assent to the proof and probate of such last-mentioned paper, and also procured plaintiff to accept a legacy of $8,000 given her thereby, and sign off all interest in the estate. Nowhere in the

complaint is it stated how and by what means said conspirators, or defendant, "improperly and unduly influenced the said Dennis Sullivan," except it states that they "wrongfully and by improper and undue influence, and by deception and misrepresentations, and by threats and promises, induced said Dennis Sullivan to make," etc. The alleged misrepresentations and threats and promises are not set out or alleged in words or in substance.

What was the "improper and undue influence"? The complaint neither states nor gives the nature or character thereof. What was the "deception" practiced, and what were the "misrepresentations" made? The complaint gives no information. What "threats and promises" were made? The complaint gives no information. What acts were done, and did the acts done constitute "deception"? Were the statements made, claimed to be "misrepresentations," false or true? How can defendant meet such charges, unless informed by the complaint in substance what acts and statements are relied on? How can it be determined on demurrer whether or not words were spoken, constituting threats and promises, or either, unless they or the substance are stated in the complaint; and how can defendant on the trial be prepared to meet such a charge, unless informed in substance of the words used or spoken? What acts were done constituting improper and undue influence?

It is fundamental that a complaint is not to set up the evidence. But it is also fundamental that where "deception" is relied on the complaint must state the substance of the deception practiced, and where "misrepresentations" are relied on the complaint must state the substance of the "misrepresentations" made; and this is true of "threats" and of "promises" alleged to have been made. On the trial it will be competent, of course, for the plaintiff to prove all material deception practiced, all material misrepresentations made or alleged to have been made, and also all material threats and promises made to induce or secure the execution of the alleged fraudulent instrument purporting to be the last will and testament of the said Dennis Sullivan. But the acts and statements must be pleaded. The defendant is entitled to be advised what he is to meet, and how can he test the sufficiency of the complaint, unless it states what the deceptive acts, misrepresentations, threats, and promises were, and in substance how and by what means Sullivan was improperly and unduly influenced? The exact words need not be given, but the substance and nature thereof should be. Ritchie v. McMullen, 159 U. S. 235, 241, 16 Sup. Ct. 171, 40 L. Ed. 133; Ambler v. Choteau, 107 U. S. 586, 589, 591, 1 Sup. Ct. 556, 27 L. Ed. 322; Alexander v. Bryan, 110 U. S. 414, 420, 4 Sup. Ct. 107, 28 L. Ed. 195; Gold Washing & Water Co. v. Keyes, 96 U. S. 199, 202, 24 L. Ed. 656; St. Louis, etc., Railway Co. v. Johnston, 133 U. S. 566, 577, 10 Sup. Ct. 390, 33 L. Ed. 683; Williamson v. Beardsley, 137 Fed. 467, 469, 69 C. C. A. 615; United States v. Rose (C. C.) 166 Fed. 999; Schell v. Alston Mfg. Co. (C. C.) 149 Fed. 439; Beswick v. Dorris (C. C.) 174 Fed. 502; Southern R. R. Co. v. King, 217 U. S. 524, 536, 30 Sup. Ct. 594, 54 L. Ed. 868.

It is unnecessary to cite the numerous decisions of the courts of the state of New York to the same effect, but see Butler v. Viele, 44 Barb. 166; Hilsen v. Libby, 44 N. Y. Super. Ct. 12; Lawrence v. Foxwell, 49 N. Y. Super. Ct. 273, 4 Civ. Proc. R. 340; Wood v. Amory, 105 N. Y. 278, 11 N. E. 636; Reed v. Clark Cove Co., 47 Hun, 410; Zimmele v. Am. Plaster Co., 21 N. Y. Supp. 846. In Wood v. Amory, supra, it is held:

"Mere general allegations of fraud or conspiracy are of no value as stating a course of action."

In Knapp v. City of Brooklyn, 97 N. Y. 520, it was held:

"Where the complaint in such an action simply alleged that the expense of the improvement and the assessment had been increased to an amount stated 'by reason of the illegal actions, frauds, and irregularities of the officers,' without specifying the illegal actions, the frauds, or the irregularities complained of, held, that it was defective, as averring simply legal conclusions, not facts, and that a demurrer thereto was properly sustained."

The plaintiff may serve an amended complaint within 10 days after being served with a copy of the order to be entered pursuant hereto, setting forth so far as possible the acts, or words, or both, claimed to have constituted improper and undue influence, the acts and words constituting the deception practiced, and the misrepresentations, threats, and promises made. Where this cannot be done specifically, the substance should be stated. If this is done, the motion to strike out will be denied; otherwise, granted.

So ordered.