## GLOBE INDEMNITY CO. v. SULPHO-SALINE BATH CO.

(Circuit Court of Appeals, Eighth Circuit.    March 28, 1924.)

No. 6417.

1. Appeal and error ⬤⟶850(2)—In action tried to court single question reviewable.

Where an action at law is tried to the court by stipulation, and special findings of fact are made, the only question for review on writ of error is the sufficiency of the findings to support the judgment.

2. Insurance ⬤⟶512½, New, vol. 12A Key-No. Series—Indemnity insurer held liable for pro rata part of judgment against insured.

Plaintiff held two indemnity policies against liability for personal injuries, one issued by defendant, and each providing that, if plaintiff held other similar insurance, any loss should be prorated. A judgment for personal injury was recovered against plaintiff, which was paid in full and discharged by the other insurer, without knowledge of defendant's policy; but on discovery of the mistake it demanded repayment by plaintiff of one-half the amount, which was made under threat of suit. *Held* that, defendant being clearly liable for one-half the judgment, its liability was not affected by the circuitous manner in which the judgment was paid by plaintiff.

3. Judgment ⬤⟶565—Dismissal without prejudice is not an adjudication of rights.

Where a court, after intimating orally that its decision would be against plaintiff, granted a motion by plaintiff to dismiss without prejudice, its judgment was not an adjudication of the rights of the parties.

4. Insurance ⬤⟶512, 675—Policy indemnifying insured against liability for personal injuries is one of "liability insurance"; attorney's fees held taxable as costs.

Under Comp. St. Neb. 1922, § 7814, defining "liability insurance" as insurance "against loss or damage resulting from accident to, or injury * * * suffered by an employee or other person for which the insured is liable," a policy indemnifying insured against liability for personal injuries is one of liability insurance, and on recovery of judgment thereon the plaintiff is entitled, under section 7811 of said statutes, to have a reasonable attorney's fee taxed as costs.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Liability.]

5. Costs ⬤⟶207—Reasonable attorney's fee may be fixed by the court, without evidence.

Where a statute provides for the allowance of a reasonable attorney's fee, to be taxed as costs, it is competent for the court to fix the amount of such fee, without evidence.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action at law by the Sulpho-Saline Bath Company against the Globe Indemnity Company. Judgment for plaintiff, and defendant brings error. Affirmed.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Mathew A. Hall, of Omaha, Neb. (Carroll S. Montgomery and Raymond G. Young, both of Omaha, Neb., on the brief), for plaintiff in error.

M. V. Beghtol, of Lincoln, Neb. (C. F. Reavis, of Lincoln, Neb., on the brief), for defendant in error.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. The Globe Company gave the Bath Company an insurance contract, indemnifying it on account of claims for personal injuries. One paragraph of that contract provided that if the assured had other similar insurance, the loss should be prorated. Another paragraph provided, in part, as follows:

"No action for the indemnity against loss provided for in insuring agreement I of this policy shall lie against the company, except for reimbursement of the amount of loss actually sustained and paid in money by the assured in full satisfaction of a judgment duly recovered against the assured after trial. of the issue. * * *"

[1] The Bath Company had, at the same time, a similar policy with the Fidelity & Guaranty Company. An accident occurred and the Bath Company was sued. Both insurance companies were notified and requested to defend this action under their policies. The Globe Company denied all liability and declined to act. The Guaranty Company accepted liability and defended the suit. The Bath Company participated in this defense and incurred separate expenses for attorneys' fees and other matters. A judgment resulted which was paid in full by the Guaranty Company and satisfaction thereof entered of record. Thereafter the Guaranty Company discovered that it was liable only for one-half of this judgment because of a coinsurance clause in its contract and because of the coinsurance with the Globe Company. Thereupon it brought suit against the Bath Company and the Globe Company to recover one-half of this expenditure on account of the judgment. This action was in the state court. The court therein having intimated that his decision would be against the plaintiff, the plaintiff asked leave to dismiss without prejudice and such dismissal was entered. After this, demand was made by the Guaranty Company on the Bath Company for the return of one-half of the judgment payment and suit threatened unless such was forthcoming. Whereupon, the Bath Company made such restitution. The present suit is by the Bath Company against the Globe Company for the amount so returned and for one-half of the attorney's fees and expenses incurred by the Bath Company in defending the damage suit. The case was submitted, by written stipulation, to the court to determine both the facts and the law. No request for special findings nor statements of law were made by either party. The court made special findings and accorded recovery as sought and an allowance for attorneys' fees in the present case. From this judgment, the Globe Company sues this writ of error. In this state of the record, there is only one thing here for review; that is, the sufficiency of the findings to support the judgment. The findings follow the above statement of facts.

[2] The contention by the Globe Company is that under the above quoted paragraph of its contract there could be no recovery against it until and unless the payment by the Bath Company to the Guaranty Company was in satisfaction of a judgment secured by the latter Company. This contention is utterly without merit. It is a patent attempt to avoid a liability which is clear. The insured was liable for the entire personal injury judgment. The Guaranty Company was obligated to indemnify it for only one-half thereof. If the Guaranty Company had paid only this one half, the Bath Company must have paid the other half. There could then be no doubt that the above quoted provision from the Globe Company contract, which is here relied upon, would have been fully complied with. The circuitous route by which this payment of that half of the judgment was made by the Bath Company cannot affect the character of the payment. When the Bath Company repaid, under threat of suit, the half which the Guaranty Company had mistakenly paid, that repayment was, in essence and within the meaning of the above quoted clause, a "loss actually sustained and paid in money by the assured in full satisfaction of a judgment duly recovered against the assured after trial of the issue."

[3] The Globe Company contends, also, that the oral pronouncement by the state court in the suit by the Guaranty Company amounted to a determination of the liability and was res adjudicata of the rights of the Globe Company in this case. This position is unsound. The circumstance that the court permitted the dismissal, before entry of judgment, without prejudice clearly reveals that not only was there no adjudication but that the court intended that there should be none. The dismissal without prejudice was for the sole purpose of avoiding the effect of an adjudication in that suit. County of Mobile v. Kimball, 102 U. S. 691, 705, 26 L. Ed. 238; Alexander v. Bryan, 110 U. S. 414, 420, 4 Sup. Ct. 107, 28 L. Ed. 195.

[4] A final contention is made concerning the allowance for attorney fee in this action. Section 7811, Comp. St. Neb. 1922, provides:

"In all cases where the beneficiary, or other person entitled thereto, brings an action at law upon any policy of life, accident, *liability*, sickness, guaranty, fidelity or other insurance of a similar nature, or upon any certificate issued by a fraternal beneficiary association, against any company, person or association doing business in this state, the court, upon rendering judgment against such company, person or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his recovery, to be taxed as part of the costs, and if such cause is appealed the appellate court shall likewise allow a reasonable sum as an attorney's fee for the appellate proceedings."

The argument is that this policy is "indemnity," as distinguished from "liability" insurance; that the above section, as originally enacted in 1913, had the word "indemnity" where the word "liability" now appears, this change having been made in 1919; that such change manifested the legislative intention to exclude indemnity insurance from the effect of the section. The case of Security State Bank v. Ætna Ins. Co., 106 Neb. 126, 183 N. W. 92, cited as to the effect of this change in the section, has no applicability here because of essential differences in the facts involved there and here. This policy is

clearly within the above section for the reasons following: First, section 7814 of the same statutes defines "liability insurance" to be: "against loss or damage resulting from accident to, or injury, fatal or non-fatal, suffered by an employee or other person for which the insured is liable," and that is the character of this policy; second, this policy is, irrespective of this statutory definition, a liability policy—the title on the policy is "General Liability Policy."

[5] The further point, in connection with the allowance of this fee, that there was no evidence as to a reasonable amount is not open to examination. If it were, we would be inclined to hold that the court is as good judge of reasonableness of attorney fees for services in that court as any one. Any testimony as to what would be a reasonable fee would be in the nature of expert evidence, and, as such, advisory but not binding upon the court.

The judgment is affirmed.