QUAGON v. BIDDLE, Warden of Penitentiary.

(Circuit Court of Appeals, Eighth Circuit.
April 30, 1925.)

No. 6742.

1. Habeas corpus &#9758;54—Allegations in petition for writ of habeas corpus held mere conclusions of law, required to be disregarded in absence of allegation of supporting facts.

Allegations. in petition for writ of habeas corpus by Indian being confined to federal prison after conviction for rape under Criminal Code, § 328 (Comp. St. § 10502), that court convicting him had no jurisdiction of him or of the offense nor any right to sentence him, and that neither he nor Indian upon whom offense was alleged to have been committed was subject to its jurisdiction, and the place where offense was committed was not within Indian reservation, *held* mere conclusions of law, required to be disregarded in absence of any pleading of essential facts which were conditions precedent to deduction of such conclusion.

2. Indians &#9758;38(2)—Essentials to jurisdiction of District Court to try Indian for offense of rape, stated.

Under Criminal Code, § 328 (Comp. St. § 10502), it is essential to jurisdiction of District Court to try Indian for offense of rape only that he committed the offense on another Indian within the territorial jurisdiction of the court and within the limits of an Indian reservation; fact that defendant and his victim were not citizens of the United States, or that the offense was committed on land allotted to victim's mother, being insufficient to deprive court of jurisdiction.

3. Courts &#9758;2—Test of jurisdiction is not right decision, but right to enter upon inquiry and make some decision.

Test of jurisdiction is not right decision, but right to enter upon inquiry and make some decision.

4. Habeas corpus &#9758;4—Writ of habeas corpus cannot be made to perform office of writ of error.

Writ of habeas corpus cannot be made to perform office of writ of error.

5. Courts &#9758;356—Consideration of evidence referred to in briefs of counsel held unwarranted, in absence of agreed statement or other record of evidence approved by trial judge.

On appeal from order dismissing petition for writ of habeas corpus, evidence referred to in briefs of counsel cannot be considered in absence of agreed statement or other record of such evidence approved by judge who heard motion and made order pursuant to equity rule 77 or otherwise.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition by Charles Quagon for writ of habeas corpus, to be directed to W. I. Biddle, as Warden of the United States Penitentiary at Leavenworth, Kan. From an order of dismissal, plaintiff appeals. Affirmed.

Lee Bond, of Leavenworth, Kan., for appellant.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before SANBORN and LEWIS, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal from an order of dismissal of the petition of Charles Quagon for a writ of habeas corpus. The record in this court upon which the appellant asks a reversal of the order of dismissal consists of the petition of Mr. Quagon for the writ, Exhibit A to the petition which is a copy of the indictment for the offense of which he was found guilty, Exhibit B to the petition which is a copy of the commitment of the petitioner by the United States District Court of the Western District of Wisconsin, the court which tried him, to the penitentiary at Leavenworth, and the motion of W. I. Biddle, the warden of the penitentiary, to dismiss the petition for the writ on the ground that it does not set forth facts sufficient to entitle the petitioner to its issue. The only question presented to this court, therefore, by this appeal is whether or not the petition and its two exhibits set forth facts sufficient to invoke the jurisdiction of the court below to grant the writ.

The offense charged against Mr. Quagon in the indictment was that he, an Indian of the Chippewa Tribe, on July 15, 1916, in

the state of Wisconsin and within the limits of Lac Courte Oreilles Indian Reservation, committed the offense of rape upon an Indian who was a member of the Chippewa Tribe in violation of section 328 of the Criminal Code (U. S. Comp. St. § 10502). That statute provides that any Indian committing the crime of rape against the person of an Indian within the boundaries of any state of the United States and within the limits of any Indian reservation shall be subject to the same laws, tried in the same courts, and in the same manner, and be subject to the same penalties as any other Indian committing any such crime within the exclusive jurisdiction of the United States. In his application for the writ the petitioner alleged his indictment, trial, conviction, sentence, and commitment to the penitentiary by the United States District Court of the Western District of Wisconsin, and then averred that that court had no jurisdiction of the petitioner or of the offense, that it had no right to sentence the petitioner, that at the time the offense was alleged to have been committed neither he nor the Indian upon whom the offense was alleged to have been committed was subject to the jurisdiction of the court that tried him, that they were citizens of the United States, that the Lac Courte Oreilles Indian Reservation consisted of land allotted to the different Indians and which is used and occupied by them for the purpose of agriculture, and that the land or farm upon which the offense is alleged to have been committed belonged to and was the land of the mother of the Indian upon whom the offense was committed, that it had been allotted to her by the United States government, and that it "was not within said Indian reservation, or not a part of said Indian reservation to such an extent as to give said court jurisdiction over offenses committed thereon."

[1] The allegations in this petition that the court which tried Mr. Quagon had no jurisdiction of him or of the offense, that it had no right to sentence him, that neither he nor the Indian against whom the offense was alleged to have been committed was subject to its jurisdiction, and that the land on which the offense was committed "was not within said Indian reservation, or not a part of said Indian reservation to such an extent as to give said court jurisdiction over offenses committed thereon," were averments of mere conclusions of law. They were not averments of issuable facts and must be disregarded in deciding the question whether or not the petition stated facts sufficient to authorize the court below to issue the writ. It was indispensable to the efficacy of these conclusions of law in this pleading that the essential facts which were conditions precedent to the deduction of these conclusions, if there were any such facts, should be set forth in the petition so that the court could perceive whether or not they warranted these conclusions, and this was not done. Little York Gold-Washing & Water Co. v. Keyes, 96 U. S. 199, 202, 203, 24 L. Ed. 656; Alexander v. Bryan, 110 U. S. 414, 420, 4 S. Ct. 107, 28 L. Ed. 195. We therefore lay aside these conclusions of law.

[2, 3] The remaining allegations of the petition are that Mr. Quagon and his victim were citizens of the United States, that the Lac Courte Oreilles Indian Reservation consisted of land allotted to the different Indians, and that the land or farm on which the offense was committed was the land of the mother of Mr. Quagon's victim allotted to her by the United States. But the facts here averred are not inconsistent with the jurisdiction of the federal court in Wisconsin of the offense charged against Mr. Quagon in the indictment or of the petitioner himself. The only facts essential to that jurisdiction were that the petitioner was an Indian, that he committed the offense of rape upon another Indian within the state of Wisconsin, within the Western District of Wisconsin, and within the limits of the Indian reservation. The act of Congress did not restrict the jurisdiction of the federal court that tried Mr. Quagon to Indians who were not citizens of the United States, or to offenses committed upon Indians that were not citizens of the United States, or to offenses that were committed upon land that was not owned by or allotted to the mothers of the victims, and the averments in the petition on these subjects were insufficient to warrant the conclusion that the United States District Court of the Western District of Wisconsin had no jurisdiction of the petitioner or his offense at the time of his trial. The indictment, which is made a part of the petition, alleged every fact requisite to invoke the exercise of the jurisdiction of that court, that Mr. Quagon was an Indian of the Chippewa Tribe, that he committed the offense on an Indian of that tribe on July 15, 1916, within the limits of Lac Courte Oreilles Indian Reservation in the Western District of Wisconsin. A comparison of these averments with the statute cited demonstrates the fact that they brought the case of Mr. Quagon within the jurisdiction of the federal court

5 F.(2d)—39

in Wisconsin and imposed upon that court the duty to try that case. The test of jurisdiction is not right decision, but the right to enter upon the inquiry and make some decision. Foltz v. St. Louis & S. F. Ry. Co., 60 F. 316, 318, 8 C. C. A. 635; King v. McAndrews, 111 F. 860, 864, 50 C. C. A. 29.

[4] And a writ of habeas corpus cannot be made to perform the office of a writ of error. It may not be invoked to review or avoid an erroneous judgment of a court of competent jurisdiction. It challenges the jurisdiction of the court alone and is available only to relieve a prisoner from the restraint imposed by a judgment or order that is absolutely void on the ground that the court was without the power to make it. In re Debs, 158 U. S. 564, 600, 15 S. Ct. 900, 39 L. Ed. 1092; In re Nevitt, 117 F. 448, 449, 54 C. C. A. 622. And our conclusion is that the court below was right in its decision that the petition for the writ did not state facts sufficient to sustain the conclusion that the court that tried Mr. Quagon had no jurisdiction to try, convict, and sentence him and in its dismissal of the petition.

[5] Counsel for the petitioner submitted this case to this court on a brief and argument founded on a statement, in that brief, that at the hearing of the motion to dismiss the petition for the writ several witnesses testified to various facts, that these facts were conceded to exist by both petitioner and respondent in the arguments and briefs at that hearing, that certified copies of patents were introduced in evidence at that hearing, and that a complete transcript of the evidence was before the court below and was considered by it before it ordered the dismissal of the petition for the writ. We have not considered and cannot consider the testimony and evidence to which reference is made in this brief and in the brief of counsel for the respondent, because no agreed statement or other record of this evidence, approved by the judge who heard the motion and made the order pursuant to equity rule 77 or otherwise, has been presented to this court. The order, judgment, or decree of a judge who heard and decided a case on testimony and documentary evidence should not be reversed by an appellate court without a statement of such evidence and testimony, or of the facts established by it, authenticated by the judge whose order, judgment, or decree is challenged.

The order of dismissal of the petition for the writ must be, and it is, affirmed.